**V–1 OIL COMPANY, an Idaho Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 92–0105–E–EJL.**

United States District Court, D. Idaho.

Aug. 14, 1992.

---

**4.** The Sureties filed a missing person report with the Los Angeles police department.

Peter Stirba, Stirba & Hathaway, Salt Lake City, UT, E.W. Pike, Anderson, Pike & Bush, Idaho Falls, ID, for plaintiff.

Maurice O. Ellsworth, U.S. Atty., D. of Idaho, Boise, ID, Keith P. Duet, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

LODGE, Chief Judge.

Before the court is the motion of the United States to dismiss count 2 of the plaintiff's complaint. Count 2 seeks monetary damages under 26 U.S.C. § 7433. The government contends the alleged wrongful conduct does not fall within the purview of the statute and that the plaintiff has failed to exhaust administrative remedies.

The statute in question, 26 U.S.C. § Section 7433(a), states, in pertinent part:

[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the internal revenue service recklessly or intentionally disregards any provision of this title,

or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States ...

In Count 2, the plaintiff complains that IRS agent Mosby, in violation of an agreement with V–1, and without V–1's permission, removed original documents from V–1's place of business. This activity, the complaint continues, is violative of 26 U.S.C. §§ 7602 and 7605. Additionally, Mosby allegedly failed to advise V–1 of its rights as required under 26 U.S.C. § 7521(b). These alleged violations occurred while Mosby was conducting an audit on V–1's premises.

At the conclusion of Mosby's audit, on May 22, 1991, Mosby found V–1 owed taxes, interest, and penalties. The amount found by Mosby to be owing from V–1 was paid by V–1 on June 25, 1991.

Despite the fact that Mosby did not determine the additional amounts owed by V–1 until May 22, 1991, the amount was due at the time the original tax was due. *See,* 26 U.S.C. § 6151; *Pan American Van Lines v. United States,* 607 F.2d 1299 (9th Cir.1979). Before resort may be had to actual collection procedures regarding a tax determined by the IRS to be owing, the IRS must issue a statutory notice of deficiency pursuant to 26 U.S.C. § 6212. Once issued, the taxpayer has 90 days within which to file a petition with the tax court for a redetermination of the deficiency, and, pursuant to 26 U.S.C. § 6213(a), no levy or proceeding in court for the collection of the tax may be initiated until the expiration of this 90 day period.

V–1 paid the amount which Mosby found to be owing within 34 days of Mosby's determination. This payment occurred prior to the issuance of any statutory notice of deficiency, and prior to the expiration of the 90 day period during which a levy or court action for tax collection is stayed by statute.

Because payment occurred without any petition for redetermination, prior to the expiration of the statutory stay of collec-

**732**

tion period, prior to any levy, and prior to any court assisted collection attempt, the court concludes the payment was voluntary. Additionally, because this payment was made during the period wherein V–1 had a statutory right to have the tax deficiency redetermined in the tax court, the court concludes this payment was made during the determination phase of the deficiency taxation process, not during the collection phase.

 Section 7433 is a waiver of sovereign immunity arising from the "Taxpayer's Bill of Rights." The Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100–647 (1988). This waiver of immunity must be construed strictly in favor of the United States and may not be enlarged beyond what the language requires. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983).

█ Section 7433's waiver of immunity applies to acts of IRS agents and employees committed "in connection with any collection of Federal tax ..." A similar situation was addressed in *Miklaustch v. Gibbs*, 90–2 UTSC ¶ 50–587 p. 86,022 at 86,026–27. This case found 7433 inapplicable where, as here, the taxpayer made a voluntary payment and no collection procedures were activated by the IRS. The rationale for this decision is as follows:

> The distinction between enforced collection and voluntary payment is sensible in that a taxpayer who has voluntarily paid is not likely to suffer the severe damage that occurs when the IRS brings its full collection powers to bear. Moreover, a taxpayer who voluntarily makes payments usually does so in cash which can easily be recouped by way of a refund. When the IRS collects an outstanding tax, it does so by seizures and levies on property, creating losses that ... cannot be recovered in an ordinary refund action.

*Id.* at 86,027.

This court agrees with the analysis of *Miklaustch*. For this reason, and because the plaintiff made a voluntary payment during the determination phase of the tax collection process, the allegations of plaintiff's count 2 do not fit through the window offered in section 7433. No ground for jurisdiction, other than the waiver of sovereign immunity presented in section 7433 has been offered to support count 2. Therefore, and because this court lacks subject matter jurisdiction over the allegations found in count 2 of the plaintiff's complaint, the government's motion to dismiss count 2 is GRANTED.

Accordingly, count 2 of the plaintiff's complaint is DISMISSED.