United States Court of Appeals,

Fifth Circuit.

No. 93-8405.

Billie A. SHAW, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

May 9, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before REAVLEY and JOLLY, Circuit Judges, and PARKER,[*] District Judge.

E. GRADY JOLLY, Circuit Judge:

This taxpayer and appellant, who filed suit against the government under 26 U.S.C. § 7433 (1989),[1] argues that the district court erred in concluding that she failed to exhaust her administrative remedies, thus barring her claim. Although we find that the taxpayer exhausted her administrative remedies, we affirm the district court's judgment because the taxpayer has failed to demonstrate that the IRS engaged in conduct that is actionable

---

[*]Chief Judge of the Eastern District of Texas, sitting by designation.

[1]Section 7433 provides in pertinent part that

> [i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433 (1989).

under 26 U.S.C. § 7433 (1989).

                                    I

On November 10, 1988, the Internal Revenue Service wrongfully assessed a penalty against Mrs. Billie A. Shaw for her failure to pay taxes owed by her husband's separately owned company. The IRS notified Mrs. Shaw of the assessment, detailing the amount of the assessment as well as the procedures Mrs. Shaw should follow if she wished to contest the assessment. Mrs. Shaw hired an attorney to assist her in contesting the wrongful assessment. Although several letters were sent and several inquiries were made, Mrs. Shaw and her attorney failed to follow the formal appeal procedure outlined in the IRS notice. Because Mrs. Shaw failed to properly contest the assessment, the IRS prepared a levy against her private residence, eventually sold the property at auction, and thus partially satisfied the tax liability assessed against her. Mrs. Shaw later repurchased the property from the buyer. She then filed a notice of claim with the IRS, seeking a refund of the amount she had paid to repurchase her home as well as an abatement of further tax liability. Eventually, the IRS recognized that the original tax assessment was improper, and Mrs. Shaw received a refund of all money collected and the remaining tax liability was abated. However, as a result of her problems with the IRS, Mrs. Shaw's credit rating was adversely affected, and she was unable to obtain extensions of credit needed to pay off loans on other parcels of property.

On April 16, 1991, Mrs. Shaw sued the United States for

damages under 26 U.S.C. § 7433, alleging that the IRS wrongfully assessed tax penalties against her for the tax liabilities of her husband's corporation. After a bench trial, the district court held that although the IRS agent who initially assessed the penalty disregarded 26 U.S.C. § 6672,[2] Mrs. Shaw was not entitled to recover damages because she failed to exhaust her administrative remedies. Mrs. Shaw appeals this judgment.

## II

### A

On appeal, Mrs. Shaw contends that the district court erred in concluding that she failed to exhaust her administrative remedies. Title 26 U.S.C. § 7433 was enacted to allow a taxpayer to sue the United States if the IRS intentionally or recklessly disregards a statute or regulation in connection with collection of federal taxes. *Gonsalves v. IRS,* 975 F.2d 13, 16 (1st Cir.1992). However, § 7433 specifically states that "[a] judgment for damages shall not be awarded under [this section] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue

---

[2]Section 6672 provided in pertinent part that

> [a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a) (Supp.1994).

Service."   26 U.S.C. § 7433(d)(1) (1989).   Title 26 C.F.R. 301.7433-1(e) sets forth the specific administrative procedures a taxpayer must follow to take advantage of a § 7433 claim.   This regulation, however, applies only to those civil actions filed after January 30, 1992.   Prior to the enactment of § 301.7433-1, there were no administrative procedures to exhaust before filing suit on a § 7433 claim in federal court.   *Information Resources, Inc. v. United States,* 950 F.2d 1122, 1128 (5th Cir.1992).   In this case, because Mrs. Shaw filed her civil action before January 30, 1992, she was not required to exhaust any administrative remedies connected to § 7433.

Although the government concedes that there were no administrative remedies to exhaust with respect to § 7433, the government argues that Mrs. Shaw's supposed failure[3] to exhaust the remedies associated with the improper assessment claim bars this § 7433 suit for improper collection practices.   After consideration, we conclude that the two claims are separate, each having its own administrative remedies to exhaust.   First, each claim is based on different conduct—improper assessment deals with the decision to impose tax liability while improper collection activities involves conduct of an agent trying to collect the taxes owed.   *Miller v.*

---

[3]It is questionable whether the government can reasonably argue that Mrs. Shaw failed to exhaust her remedies for the improper assessment claim.   Although Mrs. Shaw failed to properly take full advantage of every step of the formal appeal process, she was ultimately successful in her effort to obtain a refund and an abatement of the remaining liability.   Thus, as far as the improper assessment of taxes is concerned, it appears that Mrs. Shaw did exhaust her administrative remedies.

4

*United States,* 763 F.Supp. 1534, 1543 (N.D.Cal.1991). To demonstrate a violation of each claim involves proof of distinctive facts—to prove a claim for improper assessment, a taxpayer must demonstrate why no taxes are owed, but to prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets. Moreover, it is possible to have an improper collection practices claim without a corresponding improper assessment claim, and vice versa. It is also possible, as this case illustrates, that a taxpayer could have a colorable claim for both an improper assessment of taxes as well as improper collection practices. The fact that these separate claims can develop with respect to the same taxpayer does not affect the separate and distinctive nature of each claim.

B

The government argues that if we find that Mrs. Shaw is not barred procedurally from asserting her § 7433 claim, the district court erred in concluding that the conduct of the IRS agent was actionable under § 7433. Section 7433—by its specific words—allows a taxpayer to sue the government only if, "in connection with any *collection* of Federal Tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title...." 26 U.S.C. § 7433(a) (1989). The plain language of the statute is well supported by the statute's legislative history. Although in its early form the statute granted taxpayers the right

5

to sue "for damages in connection with the *determination or collection* of any Federal tax," H.R.CONF.REP. NO. 100-1104, 100th Cong., 2d Sess. 228 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4515, 5288 (emphasis added), Congress later deleted that portion of the statute that referred to determination of taxes. As the Conference Agreement states, § 7433 "is limited to reckless or intentional disregard in connection with the *collection* of taxes. An action under this provision may not be based on alleged reckless or intentional disregard in connection with the *determination* of tax." H.R.CONF.REP. NO. 100-1104, 100th Cong., 2d Sess. 229 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4515, 5289 (emphasis added). Therefore, based upon the plain language of the statute, which is clearly supported by the statute's legislative history, a taxpayer cannot seek damages under § 7433 for an improper assessment of taxes. *See also Miller v. United States,* 763 F.Supp. at 1543 (noting the difference between an assessment activity and a collection activity). In this case, although the IRS improperly assessed tax liability against Mrs. Shaw, it did not engage in improper collection procedures.[4] Thus, Mrs. Shaw cannot collect damages under § 7433.

---

[4]In her brief, Mrs. Shaw complained of collection activities of an IRS agent that occurred in October 1988. Section 7433 was enacted as part of the Technical & Miscellaneous Revenue Act of 1988 ("TAMRA"), Pub.L. No. 100-647, 102 Stat. 3342 (November 10, 1988), and it applies only "to actions by officers or employees of the Internal Revenue Service after the date of the enactment of this Act." *See* Pub.L. No. 100-647 § 6241(d) (emphasis added). Thus, only conduct that occurred after the enactment date of TAMRA, November 10, 1988, can serve as a basis for civil damages. Because those collection activities occurred in October 1988, that conduct cannot form the basis of a § 7433 claim.

III

For the foregoing reasons, the judgment of the district court is

AFFIRMED.