**Rodney ARNETT, Plaintiff,**

v.

**UNITED STATES of America, Defendant (Two Cases).**

**Nos. 94–4140–SAC, 94–4040–SAC.**

United States District Court, D. Kansas.

May 11, 1995.

apply the law in effect before § 1367, as set out in *United Mine Workers v. Gibbs.*

Justice B. King and Betty J. Mick, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Rodney E. Arnett.

James J. Long, Office of Sp. Litigation, Tax Div., Washington, DC, and Virginia M. Navarrete, U.S. Dept. of Justice, Office of Sp. Litigation—Tax Div., Washington, DC, for the U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On July 26, 1993, Arnett commenced a civil action against the United States, essentially challenging a tax assessment made by the Internal Revenue Service (IRS). *See Arnett v. United States*, Case No. 93–4160–SAC. On February 18, 1994, this court entered a memorandum and order requiring Arnett to file a memorandum setting forth in detail the factual and legal basis of his contention that he had filed a claim for a refund and a claim for damages, thereby exhausting his administrative remedies prior to commencing that suit. *See Arnett v. United States*, 845 F.Supp. 796 (D.Kan.1994). On April 1, 1994, rather than attempt to satisfy the court's February 18, 1994, memorandum and order, Arnett and the United States reached an agreement stipulating to the dismissal with-

out prejudice of all of Arnett's claims, each party to bear its own costs.

On March 16, 1994, Arnett filed a second complaint against the United States, Case No. 94–4040–SAC. That complaint is essentially based upon the same events forming the basis of Arnett's complaint in Case No. 93–4160–SAC.[1] On July 29, 1994, Arnett filed a third complaint against the United States, Case No. 94–4140–DES. That complaint is very similar to the amended complaint filed in Case No. 94–4040–SAC. The plaintiff's complaints in each case only seek damages under 26 U.S.C. § 7433. On December 7, 1994, Judge Saffels transferred Case No. 94–4140–DES to this court; that case now bears Case No. 94–4140–SAC. On that same day, Case No. 94–4140–DES [Case No. 94–4140–SAC] was consolidated with Case No. 94–4040–SAC.

Basically, Arnett's complaint in each of the pending cases alleges that the IRS has erroneously assessed a penalty in the amount of $21,590.72 pursuant to 26 U.S.C. § 6672.[2] Contrary to the position taken by the IRS, Arnett contends that he was not " 'a person required to collect, account for, and pay over withheld taxes' " on behalf of TSP, Inc., a Kansas Corporation. Arnett contends that despite extensive evidence that he was not liable under § 6672, the IRS nevertheless assessed the penalty. Arnett contends that because the defendant's actions "constitute reckless and intentional disregard of Internal Revenue Code § 6672," he "is entitled to recover his direct economic damages sustained as a result of the defendant's reckless and intentional actions, and his costs in this matter," as well as reasonable attorney's fees pursuant to 26 U.S.C. § 7430.

On October 12, 1995, the United States filed a motion to dismiss in Case No. 94–4140–SAC pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6). In Case No. 94–4040–SAC, the parties have filed cross-motions for summary judgment.

---

1. On October 13, 1994, the plaintiff filed an amended and supplemental complaint in Case No. 94–4040–SAC.

2. "Section 6672 imposes liability for unpaid federal withholding taxes on corporate personnel who (1) have the corporate responsibility to collect, truthfully account for, and pay over the taxes; and (2) willfully fail to do so." *Barton v. United States*, 988 F.2d 58, 59 (8th Cir.1993).

On March 10, 1995, the court entered a memorandum and order denying without prejudice, the United States' motion to dismiss (Dk. 2). The court indicated that it would, *sua sponte*, set aside that order and reconsider the motion to dismiss on the merits after each of the parties responded in writing to the following questions:

1. Is the United States' motion to dismiss filed in Case No. 94–4140–SAC equally applicable to Case No. 94–4040–SAC? Clearly and concisely explain your response.

2. Are the pending motions for summary judgment filed in Case No. 94–4040–SAC equally applicable to Case No. 94–4140–SAC? Clearly and concisely explain your response.

In accordance with that order, the parties have responded.[3] The court now *sua sponte* sets aside its March 10, 1995, order denying without prejudice the United States' motion to dismiss and reconsiders the motion to dismiss on the merits.

### Motion to Dismiss

The United States contends that this court lacks jurisdiction over Arnett's complaint as he has failed to exhaust his administrative remedies pursuant to 26 U.S.C. § 7433. In the alternative, the United States contends that the plaintiff fails to state a claim upon which relief can be granted. Specifically, the United States contends that § 7433 only recognizes a cause of action arising out of the wrongful "collection" of taxes, not their "determination." Because Arnett essentially challenges the IRS' "determination" that he is liable under § 6672, his complaint in each case fails to state a claim. Arnett opposes the defendant's motion. Arnett contends that he has exhausted his administrative remedies. Arnett also contends that his complaint states a valid claim under § 7433.

The United States filed a reply, and Arnett, without seeking leave of the court, filed a surreply.

### Does the plaintiff state a claim pursuant to § 7433?

Assuming, *arguendo*, that the plaintiff has exhausted his administrative remedies,[4] the viability of his complaint turns on the interpretation of § 7433. In both complaints, Arnett challenges the IRS' determination that he is liable under § 6672 for unpaid withholding taxes. The few courts considering the same or similar issues to those presented in the case at bar have not reached uniform interpretations of § 7433.

Title 26, section 7433 provides in pertinent part:

(a) In general. If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

"A penalty under I.R.C. § 6672 is considered a 'tax' within the meaning of I.R.C. §§ 7421–7434." *Le Premier Processors, Inc. v. U.S.*, 775 F.Supp. 897, 902 n. 6 (E.D.La.1990) (*citing Souther v. Mihlbachler*, 701 F.2d 131, 132 (10th Cir.1983) (per curiam)).

Only a few courts have considered the precise issue presented by this case. Some courts have concluded that § 7433 does not create a cause of action for reckless or intentional conduct by an IRS employee in the *determination* of a federal tax, but that the statute only permits a cause of action for

---

3. Both parties agree that the United States' motion to dismiss filed in Case No. 94–4140–SAC, to the extent that it is based upon the argument that the plaintiff's complaint fails to state a claim upon which relief may be granted, is equally applicable in both cases. *See* (Dk. 27 and 28).

4. The defendant raises several salient arguments challenging the plaintiff's compliance with the

exhaustion of remedies requirement. *See Venen v. United States*, 38 F.3d 100, 103 (3rd Cir.1994); *Arnett*, 845 F.Supp. at 801–802; 26 C.F.R. § 301.7433–1(e). The plaintiff appears, however, to have submitted sufficient documentation at this juncture to survive the defendant's motion to dismiss.

reckless or intentional conduct by an IRS employee in the *collection* of a federal tax. In *Shaw v. United States,* 20 F.3d 182 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994), the IRS wrongfully assessed a penalty against Billie A. Shaw for her failure to pay taxes owed by her husband's separately owned company. Mrs. Shaw chose to challenge the assessment but she and her attorney failed to follow the formal appeal procedure outlined in the IRS notice. In short, despite Mrs. Shaw's attempts to contest the assessment and explain the government's error, the IRS prepared a levy against her private residence and eventually sold the property at auction to satisfy the tax liability assessed against her. Eventually, the IRS recognized that the original tax assessment was improper, and Mrs. Shaw received a refund of all of the money collected and the remaining tax liability was abated. However, as a result of her problems with the IRS, Mrs. Shaw's credit rating was adversely affected. 20 F.3d at 183.

Mrs. Shaw filed suit against the United States for damages under 26 U.S.C. § 7433, alleging that the IRS had wrongfully assessed tax penalties against her for the tax liabilities of her husband's corporation. After concluding that the district court had erred by dismissing Mrs. Shaw's claims for failure to exhaust administrative remedies, the Fifth Circuit held that the conduct of the IRS was not actionable under § 7433:

> Section 7433—by its specific words—allows a taxpayer to sue the government only if, "in connection with any collection of Federal Tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title...." 26 U.S.C. § 7433(a) (1989). The plain language of the statute is well supported by the statute's legislative history. Although in its early form the statute granted taxpayers the right to sue "for damages in connection with the determination or collection of any Federal tax," H.R.CONF.REP. NO. 100–1104, 100th Cong., 2d Sess. 228 (1988), reprinted in 1988 U.S.C.C.A.N. 4515, 5288 (emphasis added), Congress later deleted that portion of the statute that referred to

determination of taxes. As the Conference Agreement states, § 7433 "is limited to reckless or intentional disregard in connection with the collection of taxes. An action under this provision may not be based on alleged reckless or intentional disregard in connection with the determination of tax." H.R.CONF.REP. NO. 100–1104, 100th Cong., 2d Sess. 229 (1988), reprinted in 1988 U.S.C.C.A.N. 4515, 5289 (emphasis added). Therefore, based upon the plain language of the statute, which is clearly supported by the statute's legislative history, a taxpayer cannot seek damages under § 7433 for an improper assessment of taxes. *See also Miller v. United States,* 763 F.Supp. [1534] at 1543 [ (N.D.Cal.1991) ] (noting the difference between an assessment activity and a collection activity). In this case, although the IRS improperly assessed tax liability against Mrs. Shaw, it did not engage in improper collection procedures. Thus, Mrs. Shaw cannot collect damages under § 7433.

20 F.3d at 184 (footnote omitted).

In *Gonsalves v. I.R.S.,* 975 F.2d 13 (1st Cir.1992), the plaintiff attempted to claim damages under § 7433 as a result of the government's refusal to give him a tax refund. The First Circuit did not permit the plaintiff's claim:

> Mr. Gonsalves' claim for damages resulting from the government's refusal to give him a tax refund runs afoul of the clause in Section 7433 which says that a taxpayer may sue only if an IRS agent disregards a statute or regulation "in connection with any *collection* of Federal tax." The essence of Mr. Gonsalves' claim is that the government violated the tax law by refusing to give him a refund because he was exempt from paying taxes during the years in question. In order to prevail on this claim, Mr. Gonsalves would have to prove that the IRS incorrectly *determined* the amount of his tax liability.
>
> The legislative history of Section 7433 tells us that "an action under this provision may not be based on alleged ... disregard in connection with the determination of tax." Conf.Rep. No. 1104, 100th Cong., 2d

Sess., at 229, *reprinted in* 1988–3 Internal Revenue Cum.Bull. 473, 719. Taxpayers who wish to challenge the IRS' calculation of their tax liability must file either a petition for redetermination in the Tax Court, 26 U.S.C. §§ 6213, 6214, or a refund action in the district court. 26 U.S.C. § 7422. Section 7433 was not intended to supplement or supersede, or to allow taxpayers to circumvent, these procedures. *Cf. McMillen v. United States Department of Treasury,* 960 F.2d 187, 190, 69 A.F.T.R.2d (P–H) 1067 (1st Cir.1991) (per curiam).

975 F.2d at 16.

In *Tempelman v. Beasley,* No. 93–2337, 1994 WL 708145, 1994 U.S.App. LEXIS 36055 (1st Cir. Dec. 21, 1994) (unpublished), the plaintiffs, "long-time tax protesters—proponents of the view that the United States internal revenue system is invalid," successfully challenged certain assessments made by the IRS in tax court. The plaintiffs subsequently filed a civil lawsuit against the IRS agent who performed an audit which lead to the erroneous assessments. The plaintiffs alleged that the additional tax liabilities were deliberately and maliciously imposed in retaliation for their dissident views.

The district court granted the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The court of appeals affirmed. In addressing the plaintiffs' claims to the extent that they were based upon § 7433, the First Circuit stated:

> Plaintiffs' reliance on 26 U.S.C. § 7433(a) also proves misplaced. This provision authorizes a civil action for damages whenever an IRS official "recklessly or intentionally disregards" the tax laws in connection with "any collection" of federal taxes. Yet plaintiffs are complaining of alleged misconduct that occurred in connection with the calculation of their tax liability, rather than with the collection thereof. Such a claim is not cognizable under § 7433.

*Id.* 1994 WL 708145 at *2, 1994 U.S.App. LEXIS 36055, at *5. *Cf. Venen v. United States,* 38 F.3d 100, 105–106 (3rd Cir.1994) ("Collection activity is a separate sphere of IRS activity governed by a separate body of law.").

In contrast, the Ninth Circuit has apparently reached the opposite result. In *Crowd Management Services, Inc. v. U.S.,* 792 F.Supp. 87 (D.Or.1992), *aff'd,* No. 92–36726, 1994 WL 481183, 1994 U.S.App. LEXIS 24476 (9th Cir. Sept. 6, 1994) (unpublished), the IRS had assessed a penalty against the plaintiff pursuant to § 6672. The plaintiff challenged the assessment and brought certain claims against the IRS, including a demand for a refund and a claim for damages pursuant to § 7433. At trial, the jury returned a verdict which in essence invalidated the assessments against the plaintiff.

The court then assessed the validity of the plaintiffs' § 7433 claims:

> DeLoretto claims the IRS violated 26 U.S.C. § 6672 by failing to investigate the "willfulness" requirement necessary for the imposition of a penalty under that section. To decide this issue, I must first determine whether the assessment of a penalty under § 6672 is a collection action for purposes of § 7433 rather than a determination of tax. While this issue has not been addressed by any court, I find that a § 6672 penalty assessment is a collection action. Indeed, the only purpose of a § 6672 penalty assessment is to collect a tax from the person responsible for collecting, accounting for and paying over that tax. Accordingly, DeLoretto's claim that the IRS intentionally or recklessly violated the provisions of § 6672 must be considered in light of the evidence presented at trial.

792 F.Supp. at 92. However, the district court ruled that DeLoretto had failed to present sufficient evidence to support his § 7433 claim.

DeLoretto appealed the district court's decision. In regard to DeLoretto's § 7433 claim, the Ninth Circuit stated:

> DeLoretto contends that the Government recklessly imposed a 100% penalty pursuant to section 6672 without investigating whether DeLoretto willfully failed to collect or pay withholding taxes. The Government contends that the "IRS's activities in connection with the determina-

tion of DeLoretto's liability under Section 6672, however, were in connection with the determination, not the collection, of a tax, and hence, not actionable under Section 7433." According to the Government, "section 6672 does not render responsible persons directly liable for the unpaid withholding taxes. Rather, it imposes a 'penalty' on responsible persons 'equal to the total amount' of the unpaid taxes.... That penalty is treated as a tax for purposes of the Code." This issue presents a question of law which we review de novo. *See Anderson v. United States,* 966 F.2d 487, 489 (9th Cir.1992).

We reject the Government's position. The purpose of section 6672 is to ensure that taxes are collected. *See Slodov v. United States,* 436 U.S. 238, 248, 56 L.Ed.2d 251, 98 S.Ct. 1778 (1978) (section 6672's purpose is to "assure payment of withheld taxes"); *Davis v. United States,* 961 F.2d 867, 872 (9th Cir.1992) ("Section 6672 promotes the full collection of taxes."), *cert. denied,* [— U.S. ——], 113 S.Ct. 969[, 122 L.Ed.2d 124] (1993). 1994 WL 481183 at *7–8, 1994 U.S.App. LEXIS 24476 at *20–21. The Ninth Circuit affirmed the district court's determination that the plaintiff had not presented sufficient evidence to support his § 7433 claim.

In *Miklautsch v. Gibbs,* No. A89–291, 1990 WL 236045 (D.Alaska Nov. 6, 1990), despite a contrary ruling by the tax court, the IRS assessed taxes on "gains" from certain investments made by the plaintiffs. The IRS proceeded to issue deficiency notices and liens were filed. The IRS seized three properties owned by the plaintiffs, including their personal residence. The IRS also levied upon the plaintiffs' bank accounts and upon their grandchildren's trust accounts.

The plaintiffs filed suit which sought, *inter alia,* damages from the IRS under § 7433. The district court denied the IRS' motion to dismiss the plaintiffs' claims under § 7433:

The IRS here contends that because section 7433 authorizes suits only for wrongful conduct in connection with the "collection" of a tax, section 7433 is inapplicable where the IRS employs procedurally correct collection methods to collect on a tax that was wrongfully assessed. This interpretation would clearly thwart Congress's intent in passing section 7433. Under the IRS's view, the IRS could arbitrarily—and without any justification whatsoever—assess a tax, and then collect on that tax with impunity so long as procedurally proper methods were employed. It was the intent of Congress to protect taxpayers, not to allow the IRS to wrongfully bring a person to financial ruin so long as its collection methods were procedurally correct.

The IRS's argument is also contrary to the plain meaning of section 7433. The statute is not limited only to acts in disregard of proper collection procedures. Rather, the statute refers to any act in disregard of any provision in the tax code, which is connected with the eventual "collection" of a tax.

Under a proper interpretation of section 7433, where a tax has been wrongfully assessed, and the IRS goes ahead and enforces collection on that tax, an action shall lie. It is true Congress chose not to extend section 7433 to damages arising from the wrongful determination of a tax alone. Yet, all this means is that where a tax is wrongfully assessed but the taxpayer voluntarily remits payment, there is no action for damages because there has been no enforced collection. The distinction between enforced collection and voluntary payment is sensible in that a taxpayer who has voluntarily paid is not likely to suffer the severe damage that occurs when the IRS brings its full collection powers to bear. Moreover, a taxpayer who voluntarily makes payments usually does so in cash which can easily be recouped by way of a refund. When the IRS collects an outstanding tax, it does so by seizures and levies on property, creating losses that (as this case demonstrates) cannot be recovered in an ordinary refund action.

*Id.* at *6. *See also V–1 Oil Co. v. U.S.,* 813 F.Supp. 730 (D.Idaho 1992) (agreeing with *Miklautsch* that § 7433 is inapplicable where the taxpayer made a voluntary payment and no collection procedures were activated by

the IRS); *but see Miller v. United States,* 813 F.Supp. 715, 725–726 (N.D.Cal.1992).[5]

### Sovereign Immunity

In light of the fact that § 7433 is essentially a limited waiver of sovereign immunity, a brief overview of the doctrine appears warranted.

It is well settled that the United States, as sovereign, may not be sued without its consent. *E.g., United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). Jurisdiction must be found in an express Congressional waiver of immunity or consent to be sued. *See, e.g., United States v. Mottaz,* 476 U.S. 834, 841, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986); *Sibley v. Ball,* 924 F.2d 25, 28 (1st Cir.1991). In general, statutes waiving sovereign immunity should be strictly construed in favor of the United States. *See United States v. Michel,* 282 U.S. 656, 659–60, 51 S.Ct. 284, 285–86, 75 L.Ed. 598 (1931); *Gonsalves v. IRS,* 975 F.2d 13, 15 (1st Cir.1992) (per curiam); *Schon v. United States,* 759 F.2d 614, 617 (7th Cir.1985). *See also* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 14 *Federal Practice and Procedure* § 3654 at 194–95 (2d ed. 1985). "Courts may not 'enlarge ... beyond what the language [of the statute creating the waiver] requires.'" *Gonsalves,* 975 F.2d at 16 (alterations in original) (*quoting Eastern Transp. Co. v. United States,* 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1927)).

*Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995).

### Analysis

■ Based upon a plain reading of § 7433 and its legislative history, the court is compelled to grant the defendant's motion to dismiss. In this case, Arnett is challenging the "determination" of his tax liability under § 6672, and despite the position taken by the Ninth Circuit, the court finds this challenge is not cognizable under § 7433. Although the arguments advanced by the plaintiff in support of his position are intuitively appealing, the court's decision is controlled by the language of the statute and its history.

As the court noted in *Miklautsch,* § 7433 "was added to the tax code in 1988 as a part of the 'Taxpayers' Bill of Rights' because, as Congress saw it, '[t]axpayers [did] not have a specific right to bring an action against the Government for damages sustained due to unreasonable actions taken by an IRS employee.'" 1990 WL 236045 at *5 (*quoting* H.R.Conf.Rep. No 1104, 100th Cong., 3d Sess. 228.); *see Venen,* 38 F.3d at 106; *Information Resources, Inc. v. U.S.,* 996 F.2d 780, 782 (5th Cir.1993). However, in reaching its ultimate interpretation of § 7433 the court in *Miklautsch* essentially ignores the balance of the same legislative history. Although an earlier version of § 7433 granted taxpayers the right to sue the Federal Government "for damages if in connection with the determination or collection of any Federal tax," the portion allowing for damages arising from the determination of a federal tax was specifically deleted in the final version. *See* H.R.Conf.Rep. No. 100–1104, 100th Cong., 2d Sess. 228–229 (1988), reprinted in 1988 U.S.C.C.A.N. 4515, 5288–5289 ("An action under this provision may not be brought under this provision based on alleged reckless or intentional disregard in connection with the determination of tax."). Congress was undoubtedly aware of the distinction between the "determination" of a tax and the "collection" of a tax, and that distinction is clearly evidenced by the language of the statute.

---

5. In *Miller* the court stated:

The making of an assessment is not a "collection activity" within the meaning of Section 7433. An "assessment" is the formal recording of a taxpayer's tax liability, and establishes a taxpayer's liability in acting as "a judgment for the taxes found due." Secs. 6303(a), 6321, 6331; *Bull v. United States,* 295 U.S. 247, 259, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). An assessment is a determination of tax liability which must precede any collection action by the IRS (i.e., notice and demand for payment, the filing of a notice of tax lien and notice of levy, and actual levy by seizure and distraint). The legislative history to Section 7433 makes clear, however, that damages may not be based on alleged or intentional disregard in connection with the determination of tax.
813 F.Supp. at 725.

Basically, the plaintiff contends that construing § 7433 to only allow claims arising during the collection of taxes unjustly limits the remedial scope of the statute and contravenes the intent of Congress. The plaintiff's interpretation of § 7433 is unsupported by the language of the statute enacted. "It is the duty of the IRS to collect taxes and to investigate possible defalcations of taxpayers in the reporting and payment of taxes." *Chamberlain v. Kurtz,* 589 F.2d 827, 835 (5th Cir.1979). Because the employees of the IRS are human, errors, intentional or otherwise, in the performance of those duties are inevitable. By enacting § 7433, Congress recognized that certain injuries caused by the intentional or reckless violation of tax laws by IRS employees should be compensable, but limited the scope of compensable claims to injuries sustained during the collection of federal taxes. This limited waiver of sovereign immunity could reasonably be based upon the concern that recognizing claims arising from the "determination" of taxes would potentially overwhelm the IRS and unjustifiably interfere with its obligations concerning the collection of taxes. Moreover, Congress could rationally conclude that injuries sustained during the "collection" process are potentially more pernicious injuries than those sustained during the "determination" phase.

Persons suffering injuries from the reckless or intentional disregard of the tax laws in the determination of taxes are simply relegated to the other existing remedies created by Congress. *See Gonsalves,* 975 F.2d at 16; *see generally Cameron v. IRS,* 773 F.2d 126, 129 (7th Cir.1985). In any event, this is the course chosen by Congress. While the plaintiff will undoubtedly see the result reached in this case as unfair, the court simply notes that his remedies are limited to those provided for and deemed adequate by Congress.

IT IS THEREFORE ORDERED that the court *sua sponte* sets aside its March 10, 1995, order and reconsiders the United States' motion to dismiss on the merits. The court grants the United States' motion to dismiss (Dk. 2) filed in Case No. 94-4140-SAC.

IT IS FURTHER ORDERED that the United States' motion for summary judgment (Dk. 21) and Arnett's motion for summary judgment (Dk. 22) filed in Case No. 94-4040-SAC are denied as moot.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment in favor of the United States in Case No. 94-4140-SAC and Case No. 94-4040-SAC, each side to bear its own costs.