**Rodney ARNETT, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Rodney ARNETT, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Nos. 94–4140–SAC, 94–4040–SAC.**

United States District Court, D. Kansas.

Nov. 8, 1995.

516

Betty J. Mick, Office of Attorney General, Justice B. King, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Rodney E. Arnett.

James J. Long, Office of Special Litigation, Tax Division, Virginia M. Navarrete, Virginia N. Brooks, U.S. Department of Justice, Office of Special Litigation–Tax Div., Washington, DC, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On May 11, 1995, this court entered a memorandum and order granting the United States' motion to dismiss Rodney Arnett's claims against the United States. Following precedent from the First and Fifth Circuits, this court held that 26 U.S.C. § 7433 does not create a cause of action for reckless or intentional conduct by an IRS employee in the *determination* of a federal tax, but that the statute only permits a cause of action for reckless or intentional conduct by an IRS employee in the *collection* of a federal tax. *See Arnett v. United States*, 889 F.Supp. 1424 (D.Kan.1995).

This case comes before the court upon Arnett's motion to alter or amend (Dk. 31). Arnett argues that (1) the court erroneously excluded from consideration his claim for refund pursuant to 26 U.S.C. § 7422(a) and attorney's fees under 26 U.S.C. § 7430; and (2) that the court incorrectly interpreted and applied § 7433. In the government's response, it states that the "plaintiff's first and second lawsuits failed to state a claim for refund, but this third suit may succeed in that regard. Therefore the United States does not oppose the plaintiff's Rule 59(e) motion to the extent that it asks the Court to

entertain a claim for refund pursuant to 26 U.S.C. § 7422(a)." The United States otherwise opposes Arnett's motion. The United States argues that Arnett simply "treats the motion to alter or amend as a second chance to present the court with [his] belabored arguments on the interpretation of § 7433. The United States contends that the court's interpretation of § 7433 is not incorrect or a manifest error, "but a decision which is strongly grounded in the plain language of 26 U.S.C. § 7433, the legislative history of § 7433, and the cases which analyze 26 U.S.C. § 7433."

## Standards for Motion to Alter or Amend

■ Motions to alter or amend are intended to correct manifest errors of law or fact or to present newly discovered evidence under limited circumstances. *Wieberg v. Resthaven Gardens of Memory*, No. 89–1509–C, 1991 WL 241815, at *1, 1991 U.S.Dist. LEXIS 16013, at *2 (D.Kan. October 29, 1991); *see Dresser Industries, Inc. v. Pyrrhus*, 936 F.2d 921, 935–36 (7th Cir.1991); *Renfro v. City of Emporia, Kan.*, 732 F.Supp. 1116, 1117 (D.Kan.1990), *aff'd*, 948 F.2d 1529 (10th Cir.1992). "[A] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.*, No. 89–1412–C, 1989 WL 159369, at *1, 1989 U.S.Dist. LEXIS 15684, at *2 (D.Kan. December 15, 1989); *see Voelkel v. General Motors Corp.*, 846 F.Supp. 1482 (D.Kan.1994) (motion to alter or amend should not be viewed as a second opportunity "for the losing party to make its strongest case or to dress up arguments that previously failed."). Nor should a motion to alter or amend be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court. *National Metal Finishing v. BarclaysAmerican*, 899 F.2d 119, 123 (1st Cir.1990).

## Analysis

### Claim for Refund Pursuant to § 7422.

■ The original complaint filed by Arnett in Case No. 94–4040–SAC clearly stated a claim for refund pursuant to § 7422. However, Arnett subsequently filed an "amended and supplemental complaint" (Dk. 20) which omits any specific reference of § 7422. The complaint filed in Case No. 94–4140–SAC, which is similar to the amended and supplemental complaint filed in Case No. 94–4040–SAC, contains no reference to § 7422. Based upon its review of the amended and supplemental complaint, as well as the original complaint in Case No. 94–4040–SAC, it appeared to the court that the plaintiff had intentionally abandoned his claim for refund under § 7422 in his amended and supplemental complaint, and was simply seeking to recover all of his damages under § 7433. *See Arnett*, 889 F.Supp. at 1425. Apparently this was not the plaintiff's intent. In light of the fact that the United States does not oppose the plaintiff's motion, the court grants Arnett's motion to alter or amend to the extent that he is permitted to assert a claim for refund pursuant to § 7422 and to the extent that he is permitted to assert a claim for attorney's fees pursuant to § 7430.

### Construction of § 7433.

■ As the government suggests, Arnett's motion to alter or amend is basically a rehash, albeit in a more thorough form, of the same arguments previously considered and rejected by the court. To the extent that Arnett's motion simply revisits the same arguments previously advanced, it is denied on that basis alone. In any event, the court, having considered the arguments advanced by Arnett, concludes that its interpretation of § 7433 was correct. Nothing argued by Arnett convinces the court that its central holding was erroneous. Nor has Arnett demonstrated that 26 U.S.C. § 6672 is a "collection" action for purposes of § 7433. *Cf., Shaw v. United States*, 20 F.3d 182 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994) ("[T]o prove a claim for improper assessment, a taxpayer must demonstrate why no taxes are owed, but to prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets.").

In addition to the authorities previously cited by the court,[1] the court notes that the Ninth Circuit construed § 7433 in a manner consistent with this court's interpretation of that section. In *Miller v. United States,* 66 F.3d 220 (9th Cir.1995), the plaintiff, *inter alia,* alleged that the IRS had intentionally or recklessly made an erroneous jeopardy assessment against her and sought damages in the amount of $575,000 pursuant to § 7433 for unauthorized collections actions. The district court dismissed that claim for "lack of subject matter jurisdiction on the ground that § 7433 can only be used to attack unlawful *collection* practices, not the validity or merits of an assessment." 66 F.3d at 222. On appeal, the Ninth Circuit agreed with the district court's interpretation of § 7433:

> The Supreme Court has ruled that in a case involving the government's sovereign immunity the statute in question must be strictly construed in favor of the sovereign and may not be enlarged beyond the waiver its language expressly requires. *See United States v. Nordic Village, Inc.,* 503 U.S. 30, 33–35, 112 S.Ct. 1011, 1014–15, 117 L.Ed.2d 181 (1992). In regard to § 7433, the Fifth Circuit has recently held, "based upon the plain language of the statute [§ 7433], which is clearly supported by the statute's legislative history, a taxpayer cannot seek damages under § 7433 for improper assessment of taxes." *Shaw v. United States,* 20 F.3d 182, 184 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994). We agree. Moreover, the conference committee responsible for this legislation rejected a proposed amendment to allow taxpayers the right to sue for damages in connection with the determination of federal tax. The committee further stated, "An action under this provision [§ 7433] may not be based on alleged reckless or intentional disregard in connection with the determination of tax." H.R.Conf.Rep. No. 1104, 100th Cong., 2d

Sess. 229 (1988), reprinted in 1988 U.S.C.C.A.N. 5048, 5289. Because Miller is challenging only the determination of the tax, the claim is not actionable under § 7433 of the Internal Revenue Code. We hold that the district court properly granted the summary judgment motion in favor of the IRS for lack of subject matter jurisdiction. In so doing, we align ourselves with the Fifth Circuit as well as the First Circuit's holding in *Gonsalves v. IRS,* 975 F.2d 13, 16 (1st Cir.1992), and affirm.

66 F.3d at 222–23.

Arnett's motion to alter or amend the court's interpretation of § 7433 is denied.

### Dispositive Motions

At the time the court ruled on the United States' motion to dismiss, cross-motions for summary judgment were pending in Case No. 94–4040–SAC. In light of the court's ruling on the United States' motion to dismiss, the court denied the cross-motions for mootness. In its reply to Arnett's motion to alter or amend, the United States indicates that it "would like to renew its motion for summary judgment."

Each party may file a motion for summary judgment within thirty days of the date this order is filed.

IT IS THEREFORE ORDERED that Arnett's motion to alter or amend (Dk. 31) is granted in part and denied in part. Arnett's motion is granted to the following extent: final judgment is set aside; Arnett is permitted to pursue his claim for refund pursuant to § 7422 and his claim for attorney's fees pursuant to 26 U.S.C. § 7430. Arnett's motion is denied to the extent that it requests the court to alter or amend its interpretation of § 7433.

---

1. In his brief, Arnett states that none of the cases cited by the court in support of its ruling "involved a § 6672 penalty." This statement is incorrect. In *Shaw v. United States,* 20 F.3d 182 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994), the district court held that the IRS agent who had assessed the penalty against the plaintiff had disregarded § 6672, but found that she could not recover because she had not exhausted her administra-

tive remedies. On appeal, the Fifth Circuit, after finding that the plaintiff was not required to exhaust her administrative remedies at the time the plaintiff brought her suit, held that although the IRS had improperly assessed tax liability against the plaintiff under § 6672, there was no evidence that the IRS had engaged in improper collection procedures. *Shaw* is cited by the court in its May 11, 1995, memorandum and order. *See Arnett,* 889 F.Supp. at 1427.