Philip R. SYLVESTER, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 96–C–0904.

United States District Court,
E.D. Wisconsin.

July 22, 1997.

Douglas H. Frazer, Milwaukee, WI, for Plaintiff.

Gerald B. Leedom, Trial Atty., Tax Div., U.S. Dept of Justice, Washington, DC, James Santelle, Asst. U.S. Atty., Milwaukee, WI, for Defendant.

## DECISION AND ORDER

REYNOLDS, District Judge.

Philip R. Sylvester ("Sylvester") has a dispute with the Internal Revenue Service ("IRS") involving employees' withholding taxes. The IRS has determined that three corporations (National Flour Company, Midwest Bakery Suppliers, Inc., and Country Maid Bakery Inc.), had not turned over to the IRS the withholding taxes that were collected by the corporations. Although each corporation allegedly failed to turn over taxes during different time periods, Sylvester was associated with all three. The IRS claims that Sylvester was the person responsible for collecting, accounting for, and turning over the collected withholding taxes. The IRS concluded that Sylvester was liable for the missing amounts under 26 U.S.C. § 6672.[1]

---

1. In part:

    (a) General Rule—Any person required to collect, truthfully account for, and pay over

Sylvester claims in his original complaint, that the IRS is incorrect, and that none of the companies failed to turn over withholding taxes. He has sued the United States of America ("the government"), asking for a refund of the partial payments made in order to challenge the IRS's assessments (counts one through three) and for damages for the conduct of the IRS agent (count four). Sylvester has now moved to amend his complaint to include additional allegations, mostly relating to count four. Besides opposing that motion, the government has moved for judgment on the pleadings as to count four, Fed.R.Civ.P. 12(c), and, in the alternative, to strike the jury demand for count four. The court grants the motion for judgment on the pleadings as to count four of the original complaint. The court, however, grants the motion to amend his complaint in part and allows Sylvester to proceed on the amended count four. The court grants the motion to strike the jury demand as to count four as amended.

## ALLEGATIONS OF THE COMPLAINT

The allegations can be summarized. Employers withhold part of their employee's wages for federal income and social security taxes. The employer holds the funds in trust for the government until the employer sends the withheld taxes to the IRS. If an employer fails to account for or pay the taxes, the IRS can penalize the person whose responsibility it was to collect, account for, and remit the taxes, assuming the responsible person has the required culpability. *See* 26 U.S.C. § 6672. The penalty is equal to the amount of unpaid taxes.

Here, the IRS decided that three different companies in three different time periods failed to pay the withholding taxes; in each case, the IRS considered Sylvester a responsible person who was culpable for the shortfall: (1) from the fourth quarter of 1984 through the fourth quarter of 1985, National Flour Company allegedly failed to account for and pay $25,998.27 in withholding; (2)

from the fourth quarter of 1986 through the third quarter of 1989, Midwest Baking Suppliers, Inc. allegedly failed to account for and pay $28,877.05 in withholding taxes; and (3) from the fourth quarter of 1991 through the third quarter of 1993, Country Maid Bakery, Inc., allegedly failed to account for and pay $24,456.96.

To challenge the assessments, Sylvester had to and did make a minimum payment of $100 for each company and then request a refund. The IRS denied his refund request for all three companies. Further, the IRS filed a counterclaim seeking a statutory penalty for Sylvester's alleged failure to pay.

On September 9, 1994, the IRS filed notices of a federal tax lien that attached to real property belonging solely to Maureen Sylvester, Philip's wife, for the amounts that Philip owed. On June 10, 1996, a revenue officer appeared unannounced at the Sylvester home. The officer looked through a window and saw Sylvester's daughter, Bridget, who was 17 years old. Bridget was the only one home. The agent pounded the doors and windows and demanded access to the home. When Bridget asked the officer to leave, he refused, and he prevented Bridget from closing the glass patio door. Bridget told the officer that her father would be home in 15 minutes, but he refused to wait, and he left.

On August 12, 1996, Sylvester filed this action. In addition to his three claims for refunds, Sylvester sues for damages under 26 U.S.C. § 7433, quoted below, for reckless acts of the IRS.

## MOTION FOR JUDGMENT ON THE PLEADINGS

A court applies the same standard to a motion for judgment on the pleadings as it does for a motion to dismiss under Fed. R.Civ.P. 12(b)(6). *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir.1989). The court takes all pleaded facts as true, and draws all reasonable inferences in favor of

any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other

penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

the plaintiff. *Id.* Dismissal is appropriate only if the complaint fails to state a claim upon which relief may be granted.

In count four, Sylvester sues the government for violations of § 7433(a):

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

For a plaintiff to bring an action under this section, the IRS's reckless or intentional disregard must be related to the collection of a federal tax assessed against the plaintiff, and the IRS's conduct must have harmed the plaintiff. In the original complaint, Sylvester alleged three acts that were reckless. First, the IRS recklessly or intentionally disregarded provisions of the Internal Revenue Code or regulations promulgated under the Internal Revenue Code. (Compl.¶ 32.) Second, the IRS recklessly or intentionally failed to properly account for the correct liability of National Flour Company and failed to credit payments that National Flour Company made. (*Id.* ¶ 34.) Third, the IRS recklessly or intentionally filed notices of a federal tax lien that attached to real property belonging solely to Sylvester's wife, Maureen. Finally, on June 10, 1996, an IRS officer harassed Bridget Sylvester. None of these allegations are legally sufficient. (*Id.* ¶ 35.) The first allegation is too vague; the second wrong involves tax assessment; and Sylvester did not suffer harm from the other two wrongs, assuming they occurred. (*Id.* ¶ 36.)

■ Sylvester must first allege that the IRS's reckless conduct involved a federal tax. Section 6672, however, is a penalty statute, in this case related to three corporations' failure to pay withholding tax. In the government's view, Sylvester cannot sue for reckless or intentional disregard relating to § 6672 because the assessment is not a tax. That interpretation is too narrow. Section

6672 assures the payment of withheld taxes. *Slodov v. United States*, 436 U.S. 238, 248, 98 S.Ct. 1778, 1785–86, 56 L.Ed.2d 251 (1978). Although § 6672 penalizes those who willfully evade paying withholding taxes, the section also insures that the tax will be paid. A violation of § 6672 basically creates a constructive suretyship. If a responsible person has allowed a corporation to evade paying withholding taxes, that person become responsible for the liability. Because § 6672 creates an alternative responsibility for a tax, it is a tax for the purposes of an action under § 7433. *Crowd Mgmt. Servs., Inc. v. United States*, 1994 WL 481183, *8 (9th Cir. Sept.6, 1994).

■ Second, the harm must relate to the collection—not the assessment—of a federal tax. Section 7433 is the equivalent of a Fair Debt Collection Act; it regulates how the IRS may collect tax liabilities and gives citizens a remedy when the IRS does not follow those regulations. By the statute's plain language, it does not apply to reckless or intentional disregard of statutes or regulations in the assessment of a federal tax. As the government points out, every court which has decided the issue has agreed that § 7433 does not apply to errors in assessment. *Miller v. United States*, 66 F.3d 220, 222 (9th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1317, 134 L.Ed.2d 471 (1996); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir.), *cert. denied*, 513 U.S. 1041, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994); *Granse v. United States*, 932 F.Supp. 1162, 1167 (D.Minn.1996); *Arnett v. United States*, 910 F.Supp. 515, 518 (D.Kan.1995); *V-1 Oil Co. v. United States*, 813 F.Supp. 730, 732 (D.Idaho 1992).

Applying § 7433 to tax assessments would create absurd results. Section 7433 is an exclusive remedy, and it limits damages to $100,000. 26 U.S.C. § 7433(a) and (b). If the IRS recklessly disregarded a regulation and over-assessed a taxpayers liability by $200,000 and if the taxpayer paid the liability and then sued, under Sylvester's view, § 7433 would apply and would be the exclusive remedy, meaning the taxpayer would be out $100,000. By contrast, if the IRS only negligently over-assessed tax liability, the taxpayer could recover the entire error.

Finally, only the taxpayer may sue, and the taxpayer may only sue for damages the taxpayer has sustained. 26 U.S.C. § 7433(b)(1) (defining damages as "actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional actions of the officer or employee").

■ In sum, Sylvester may bring an action under § 7433 for harms he suffered while the IRS was trying to collect the § 6672 assessment. Sylvester's first allegation (¶ 32) is too vague to give the government notice. Sylvester does not identify what actions the IRS took or what regulations were violated. At least one or the other is necessary. The allegations in ¶ 34 are similarly vague, except for one specific allegation: the accounting error regarding National Flour Company's withholding liability. This allegation is legally irrelevant because the IRS's accounting error, if any, is an error in assessment, not collection. The IRS's assessment of a penalty under § 6672 is no different than the IRS's assessment of any other tax. Sylvester may challenge that assessment as he has done in counts one through three, but he may not use errors in assessment as a basis for a § 7433 claim.

■ The final two allegations, the notice of tax lien (¶ 35) and the IRS agent's home visit (¶ 36), fail to state a claim because neither activity harmed Sylvester. An encumbrance on the property harms the property itself and the owner. Because Sylvester has pled that he had no ownership interest, the notice of tax lien caused him no harm. Of course, Sylvester's wife may file an action for a wrongful levy under § 7426(a)(1). As to the IRS agent's home visit, Sylvester has not alleged any damages. At most, his daughter Bridget, was harassed, but that would be damage to Bridget, not Sylvester.

Because count four fails to allege a viable cause of action under § 7433, the court grants the motion to dismiss.

## MOTION TO AMEND

On March 31, 1997, Sylvester moved to amend his complaint in two ways. First, he alleges that the IRS collected funds from him and applied them to the amount National Flour Company owed; he wants to make it clear that he is seeking to recover those amounts. Second, he now alleges additional acts that are actionable under § 7433. In support of his motion, Sylvester filed a brief, but no affidavit.

The court grants motions to amend when justice requires. Fed.R.Civ.P. 15. Although the court interprets that requirement liberally, the court will deny a motion to amend when the new claims are futile. A new claim is futile, for example, when the statute of limitations would bar the claim anyway.

■ The government argues that Sylvester should have pled these actions earlier. The court sees no prejudice in the amendment of claim one and will allow it. This case is relatively recent, and Sylvester made the motion within 6–1/2 months of the initial filing, which is not an extraordinary delay.

As to the amendment of count four, the government argues that granting the motion would be futile because the statute of limitations bars the new allegations, even if Sylvester had pled them in his original complaint. An action under § 7433 has a two-year statute of limitations. 26 U.S.C. § 7433(d)(3). Because Sylvester filed his complaint on August 16, 1996, his claim must accrue no earlier than August 16, 1994. Usually, a claim accrues when the harm occurs. Some injuries, however, are hidden or develop slowly. In those cases, the claim accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." Treas. Reg. § 301.7433–1(g)(2). This rule is known as a discovery rule.

For harms arising out of a collection action, one would expect the cause to accrue when the illegal act occurred. See Caparaso v. Commissioner, 907 F.Supp. 1235, 1240 (N.D.Ind.1995). Sylvester argues, however, that he needed to see his file before he could discover whether the IRS had acted with the requisite intent. Because he did not receive his IRS file until February 1997, all of his claims, in his view, accrued on that date. Because most of the new allegations involve violations of mandatory duties, however, the

court doubts whether Sylvester needed additional discovery. To bring a suit, a party does not need absolute knowledge that a harm occurred, especially as to intent.

More importantly, for Sylvester to rely on the discovery rule, he must tell the court what information he discovered from reviewing his file and how the new information convinced him that certain acts violated § 7433. Sylvester has not done this. The court has no idea what Sylvester learned by reviewing his file. Conceivably, the court could deny the motion entirely. In the interests of fairness, the court will allow amended allegations if they can be based on the newly-discovered information, in this case information Sylvester discovered in his file.

■ In ¶ 37 of the amended complaint, Sylvester alleges that, on September 28, 1989, the IRS initiated seizures against Sylvester's property or his right to property, without proper notice. He knew that the seizure occurred without notice when the IRS seized the property and he had not received notice. The court does not see how information in his file provided any additional information to Sylvester. Therefore, the discovery rule does not apply, and Sylvester may not plead ¶ 37 of the amended complaint.

■ Allegedly, during multiple interviews with agents, the agents failed to explain the collection process and Sylvester's rights in that process. (Am. Compl. ¶¶ 37, 42, and 45.) Sylvester was aware of the omissions when they occurred. Certainly, by the last omission on July 6, 1994 (Am.Compl.¶ 45), Sylvester had enough to reasonably infer intentional or reckless conduct. Claims arising from these harms accrued no later than July 6, 1994, and are barred by the statute of limitations.

The application of the discovery rule is even more implausible when the harm was a direct refusal of Sylvester's request. On May 20, 1990, an agent allegedly refused to end the interview with Sylvester when Sylvester asked to consult with an attorney. (Am.Compl.¶ 37.) Similarly, the IRS allegedly failed to honor two requests for a hearing. (Am. Compl. ¶¶ 39 and 43.) The agent

had an absolute duty to terminate the interview once Sylvester requested an attorney. 26 U.S.C. § 7521(b)(2); similarly, Sylvester had a right to a hearing. 26 C.F.R. § 601.106. Once the denial occurred, Sylvester was aware of it. Because the agents had a mandatory duty to honor those requests, their failures, if they occurred, had to be intentional or reckless. Sylvester needed no other information to bring those claims. Therefore, the statute of limitations now bars them.

■ The court will allow Sylvester to amend count four to include the allegations in ¶¶ 40, 42, 44, and part of 45. In ¶ 40, Sylvester alleges that an agent altered a document to cover up information. Because Sylvester may not have seen the document until he received his file, this claim accrues on the date he received his file. In ¶ 42, Sylvester alleges that on November 27, 1995, the IRS sent a notice of assessment and demand for payment to the wrong address. If the IRS knew his actual address at the time, the error could be intentional or reckless. Conceivably, Sylvester found out that the IRS had the correct address only when he saw his file. In ¶ 44, Sylvester alleges that an agent initiated collection procedure without reviewing the file; had he reviewed the file he would have discovered irregularities. Sylvester may have learned about the agent's failure to review the file only when Sylvester himself reviewed his file. In the last two sentences of ¶ 45, an IRS agent allegedly told Sylvester that the agent had been sending Sylvester notices for six months, but there is no record of these notices. Once again, the file would have given Sylvester evidence that the notices were never sent.

Possibly, the government could point to facts showing that Sylvester was aware of these alleged harms and can raise the issue at summary judgment. At this point, the court is deciding a motion to amend. As long as the amendment is not futile the court will allow it. As to ¶¶ 40, 42, and 45, the statute of limitations is not an obvious bar.

## MOTION TO STRIKE JURY DEMAND

■ The government moves to strike the jury demand as to count four. Because the Seventh Amendment right to a jury trial in civil actions does not apply to actions against the government, *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981), a plaintiff has a right to a jury only if a statute specifically conveys that right. Under 28 U.S.C. § 2402, a plaintiff has a right to a jury only in a refund suit.

Sylvester has a right to a jury on counts one through three. Count four involves the IRS's collection practices, not a tax refund. Therefore, Sylvester has no right to a jury and must try that claim to the court at the same time he tries counts one through three to the jury. *Information Resources, Inc. v. United States*, 996 F.2d 780, 783–84 (5th Cir.1993).

### CONCLUSION

The court **GRANTS** the United States' motion for judgment on the pleadings as to count four.

However, the court **GRANTS** in part Philip R. Sylvester's motion to amend his complaint. Philip R. Sylvester may file an amended complaint within fourteen days of the date of this order. The amended complaint may include the proposed changes to count one. In count four, Philip R. Sylvester may include paragraphs 28, 29, 30, 31, 33, 40, 42, 44, and 45 (excluding those allegations relating to the agent's failure to advise Sylvester of his rights).

The court **GRANTS** the motion to strike the jury demand as to count four.