Karl G. GRANSE, Citizen of Minnesota, in propria persona, Plaintiff,

v.

UNITED STATES of America et al., Department of the Treasury, Internal Revenue Service, Park Drive Partnership, Defendants.

Civil No. 3–96–6.

United States District Court,
D. Minnesota,
Third Division.

June 3, 1996.

Karl G. Granse, pro se, for Plaintiff.

Nanci S. Bramson, United States Department of Justice, Washington, D.C., for Defendants United States of America, the Department of Treasury and the Internal Revenue Service.

Russell J. Jensen, Jensen Law Office, St. Paul, Minnesota, for Defendant Park Drive Partnership.

## MEMORANDUM OPINION AND ORDER

KYLE, District Judge.

Plaintiff Karl G. Granse ("Granse") commenced this nominal "quiet title" action challenging the United States Internal Revenue Service's ("IRS") tax jeopardy assessment, levy, and public sale of property located at 105 East 151st Street, Burnsville, Minnesota (the "Property") following Granse's failure to pay delinquent federal taxes owing for the period 1988 through 1993. Granse seeks an order declaring the United States' "claims" to the Property invalid, declaring the seizure and subsequent sale of the property void, enjoining Defendant Park Drive Partnership ("Park Drive") from receiving title to the Property, and declaring Granse owner of the Property in fee simple absolute. Currently

before the Court are the Defendants'[1] motions to dismiss or for summary judgment.[2] For the reasons set forth below, the Court will grant the Defendants' motions.

## Background

Granse did not pay his federal income taxes for the period 1988 through 1993. This is Granse's second judicial challenge to the IRS's collection of these delinquent taxes. The IRS first made a jeopardy assessment against Granse on November 23, 1994, pursuant to 26 U.S.C. § 6861(a)[3] in the amount of $86,621.00. (Compl. Ex. C–1; Mecham Decl. ¶ 3, attach. as Gov't Ex. 1.) On December 19, 1994, the IRS levied upon the Property in order to satisfy the assessment. (Id. ¶ 6.) The IRS sent Granse notice of the levy and seizure on this same date. (McKinney Decl. ¶ 9; attach. as Gov't Ex. 2.)

On January 4, 1995, Granse commenced the first civil action in this Court seeking judicial review of the IRS's jeopardy assessment and an order enjoining collection or sale of the Property. The Court dismissed Granse's complaint, concluding that the IRS's decision to impose a jeopardy assessment and the amount of the jeopardy assessment were both "reasonable" as required by 26 U.S.C. § 7429(g). *See Granse v. United States*, 892 F.Supp. 219 (D.Minn.1995).

Following this Court's March 21, 1995 Order, the IRS scheduled a public sale of the Property pursuant to 26 U.S.C. § 6335. The sale was set to take place on May 11, 1995. Three days before the scheduled sale, Granse filed a petition in the United States Bankruptcy Court seeking to delay the sale under Chapter 13 of the United States Bankruptcy Code. Pursuant to an "automatic stay" provision in the Bankruptcy Code, 11 U.S.C. § 362, the IRS canceled the May 11 sale.

On June 12, 1995, the Bankruptcy Court lifted its stay as to the IRS in order to facilitate the sale of the Property. (Compl. ¶ V.) The IRS subsequently conducted a public sale and sold the property to Defendant Park Drive. (*Id.;* McKinney Decl. ¶ 19, attach. as Gov't Ex. 2.) Upon payment, the IRS issued a "certificate of sale" to Park Drive as provided for under 26 U.S.C. § 6338(a). The certificate of sale was recorded in the Dakota County Recorder's office on November 8, 1995, and the proceeds of the sale were applied to offset Granse's delinquent tax liabilities for the years 1985–1993. (Compl. ¶ V; McKinney Decl. ¶ 21, attach. as Gov't Ex. 2.) The IRS District Director issued a quitclaim deed to Park Drive on January. 10, 1996. (McKinney Decl., Ex. 2–F, attach. as Gov't Ex. 2.).

Granse commenced this second action on January 3, 1996. He currently claims that the jeopardy assessment was unlawful, that the IRS had no authority to levy on the Property, and that the sale did not comply with statutory requirements. Granse further claims the IRS violated his "due process right to appeal" under the Administrative Procedures Act, 5 U.S.C. § 702 *et seq.* because it did not respond to a "protest" he filed with the IRS opposing its initial jeopardy assessment or his request for the "taxing statute" upon which the IRS's tax assessments were based.

The IRS and Park Drive have moved to dismiss this action or for summary judgment. The IRS claims (1) this Court does not have subject matter jurisdiction over this action

---

**1.** The Court will refer to Defendants United States of America, the Department of Treasury and the Internal Revenue Service collectively as the "Federal Defendants."

**2.** The Defendants' Motions were properly noticed and served upon the Plaintiff in accordance with Fed.R.Civ.P. 12 and 56 and this Court's Local Rules. Plaintiff did not respond to the Defendants' motions as required by Local Rule 7.2(b) ("Any party responding to [a dispositive] motion *shall* deliver one copy of the following documents to opposing counsel and an original and two copies to the Clerk of Court at least 9 days prior to the hearing: (a) Memorandum of Law

and (b) Affidavits and Exhibits"). The Court accordingly did not conduct a hearing on the Defendants' motions, but, out of an abundance of caution, permitted Plaintiff to file responsive materials. The Court has received these materials, and the United States' response thereto, and these materials are included in the record.

**3.** Section 6861(a) provides that "[i]f the Secretary believes that the assessment or collection of a deficiency ... will be jeopardized by delay, he shall ... immediately assess such deficiency ..., and notice and demand shall be made by the Secretary for the payment thereof."

and that it should accordingly be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The IRS and Park Drive also claim (2) the tax assessment and levy procedures at issue were legal and conveyed full title to the Property to Park Drive.

### Discussion

*I. Jurisdiction*

■ Granse alleges jurisdiction over this action under 28 U.S.C. §§ 1331, 1361, 1340, and 2410; 26 U.S.C. § 7433 and 5 U.S.C. § 702. The IRS argues that these statutes do not provide jurisdiction and that the Federal Defendants, as sovereign, are immune from the present suit. The IRS's argument is predicated on a fundamental principle of law which Granse has ignored: the United States is immune from suit except to the extent the Congress has expressly waived that immunity. *See United States Dept. of Energy v. Ohio,* 503 U.S. 607, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992). That principle, together with the limitations on federal court jurisdiction, dispose of the vast majority of issues in this case.

■ At the outset, and separate and apart from the jurisdictional statutes discussed below, the Court finds no jurisdictional basis for granting the declaratory relief Granse seeks in his Complaint. The law in this area is unequivocal. Congress has specifically provided that, subject to limited exceptions not applicable here, federal courts do not have jurisdiction to grant declaratory relief in cases involving federal taxes. 28 U.S.C. § 2201(a). Thus the remainder of this discussion is limited to Granse's request to quiet title in his name, to set aside seizure and sale of the Property, and for damages.

#### A. *28 U.S.C. § 1331, 1340 and 1361*

■ Sections 1331, 1340, and 1361 of Title 28 do not waive the federal government's sovereign immunity for suit challenging an administrative tax levy. *See Fostvedt v. United States,* 978 F.2d 1201, 1203 (10th Cir.1992), *cert. denied,* 507 U.S. 988, 113 S.Ct. 1589, 123 L.Ed.2d 155 (1993). As the Ninth Circuit recently recognized in a similar case, "a mere assertion that general jurisdictional statutes apply" "cannot waive the gov-

ernment's sovereign immunity." *Hughes v. United States,* 953 F.2d 531, 539 n. 5 (9th Cir.1992) (citing *Lonsdale v. United States,* 919 F.2d 1440, 1443–44 (10th Cir.1990); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985)). Thus these general jurisdictional statutes do not provide a basis for an action against the IRS here.

#### B. *26 U.S.C. § 7433*

■ Section 7433 similarly does not provide jurisdiction in this case. This section provides that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433. This section does not provide jurisdiction for improper *assessment* of taxes. *Miller v. United States,* 66 F.3d 220, 223 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1317, 134 L.Ed.2d 471 (1996). It provides jurisdiction only for improper collection activities. *Id.* In the present case, it is clear Granse's Complaint is directed primarily to contesting the *assessment* of his taxes. Second, to the extent Granse's claim is based on the IRS's *collection* activities, Granse is specifically precluded from obtaining recovery because he has not contested the procedures with the IRS by filing an administrative action for a refund. Section 7422 explicitly provides:

> (a) **No suit prior to filing claim for refund.**—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary....

26 U.S.C. § 7422. As a result, Granse's claims, insofar as they seek damages for the

alleged improper assessment and collection procedures employed under § 7422, must be dismissed.

### C. 5 U.S.C. § 702

 Section 702 of the APA provides in part "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Section 702 waives the government's sovereign immunity for certain actions against a federal agency seeking non-monetary relief. *See Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550 (11th Cir.1985). The Defendants did not specifically address whether the Court had jurisdiction over Granse's claims under the APA. The Court notes, however, that Granse claims the IRS violated the APA by not responding to a "protest" Granse allegedly filed with the IRS opposing its initial jeopardy assessment or to a request that the IRS supply him with the "taxing statute" upon which it based its tax assessments. Section 702 does not provide jurisdiction to award the relief Granse seeks. Section 702 provides that "[n]othing herein (1) affects other limitations on judicial review . . . ; (2) or confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief that is sought." 5 U.S.C. § 702. Thus the APA's waiver of sovereign immunity does not alter the jurisdictional limitations discussed above.

 Moreover, even if the Court had jurisdiction under the APA, Granse has not met his Rule 56 burden to show that he has established a prima facie case for an APA violation. Granse has offered no evidence or authority to show the IRS was obligated to furnish him with a response to his "protest" or his request for a citation to a statute authorizing IRS's taxing authority. Granse's bare allegations in the Complaint are insufficient to withstand summary judgment.[4]

### D. 28 U.S.C. § 2410

 · Section 2410 provides in part "the United States may be named a party in any civil action or suit in any district court . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." Jurisdiction under § 2410 is limited, however. "A taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment." *Hughes v. United States,* 953 F.2d 531, 538 (9th Cir.1992). Thus Granse may not challenge the substantive validity of the assessment on the Property under § 2410. Section 2410 provides jurisdiction and waives sovereign immunity only to review the procedural validity of the seizure and sale if, at the time the action was commenced, the Government claims a lien or mortgage on the property. *Id.* In this case, the District Director conveyed a quitclaim deed to Park Drive on January 11, 1996—eight days after the commencement of this action. Pursuant to § 2410, the Court accordingly has limited jurisdiction to review the procedural validity of the seizure and sale.

## II. Procedural Validity of the Sale

 The IRS has moved alternatively for summary judgment with respect to the procedural validity of the seizure and sale of the Property. Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Under that Rule:

> [summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The movant bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317,· 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Where a moving party, with whatever it provides the court, makes and supports a motion for summary judgment in accordance with Rule 56, a party opposing the motion may

---

**4.** As discussed in Section II, *infra,* even if the Court had jurisdiction under the APA, the undisputed evidence shows the seizure and sale of the Property were procedurally proper.

not rest upon the allegations or denials of its pleadings; rather, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir. 1995). Accordingly, the nonmovant "must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." *Wilson v. Southwestern Bell Telephone Co.,* 55 F.3d 399, 405 (8th Cir.1995). The nonmovant cannot avoid summary judgment in favor of the movant merely by pointing to some alleged factual dispute between the parties. Instead, any fact alleged to be in dispute must be "outcome determinative under prevailing law," that is, it must be material to an essential element of the specific theory of recovery at issue. *See Get Away Club, Inc. v. Coleman,* 969 F.2d 664, 666 (8th Cir.1992).

Granse has not met his Rule 56 burden. The IRS's authority to levy upon and sell the Property in this case derives from 26 U.S.C. §§ 6321, 6322 and 6331. Section 6335 of Title 26 sets forth the procedural requirements for such a seizure and sale. Section 6335 requires: (1) the owner of the subject property must be given written notice of the seizure and the proposed sale; (2) the notice of seizure and sale sent to the owner must specify the sum demanded and provide a description of the property; (3) the public must receive notice of the sale; (4) the public notice must specify the property to be sold and the time, place, manner and conditions of the sale; (5) the time of the sale must not be less than ten days nor more than forty days from the time of giving public notice; (6) a minimum price must be determined before the sale of the property; (7) the property must be sold to the highest bidder; and (8) the sale must be by public auction or by public sale under sealed bid.

 The Federal Defendants have submitted evidence detailing how the above requirements were satisfied in connection with the sale of the property. (*See* Meacham Decl. & Exhs., attach. as Gov't Ex. 1; McKinney Decl. & Exhs., attach. as Gov't Ex. 2.) This evidence addresses each of § 6335's

requirements, is compelling, and stands undisputed. In response to the Federal Defendants' Motion, Granse has provided no evidence sufficient to create a genuine issue of material fact with respect to any of the above requirements or to otherwise show he has a meritorious challenge to the seizure and sale of the Property. As a result, the Federal Defendants are entitled to summary judgment with respect to the procedural validity of the seizure and sale of the Property. The plain and to date uncontested facts here are that Granse refused to pay his taxes and is dissatisfied with the legal consequences. This does not provide a basis for a federal lawsuit.

### III. Summary

Granse has failed to meet his burden to show the Court has jurisdiction over the IRS in this matter other than with respect to challenging the validity of the sale procedures under 26 U.S.C. § 2410. Apart from the claims relating to validity of the sale procedures, the claims against the IRS will accordingly be dismissed without prejudice. With respect to the validity of these procedures, the Federal Defendants are entitled to summary judgment and these claims will be dismissed with prejudice. In the absence of any claims remaining against the Federal Defendants, the Court will not exercise jurisdiction over Granse's common law quiet title action against Park Drive. The action against Park Drive will be dismissed without prejudice pursuant to 28 U.S.C. § 1367.

### Conclusion

Based on the foregoing, and upon all the files, records, and proceedings herein, **IT IS ORDERED** that:

(1) the Federal Defendants' Motion to Dismiss (Doc. No. 7) is **GRANTED** and (a) the claims challenging the procedural validity of the seizure and sale of property located at 105 East 151st Street, Burnsville, Minnesota are **DISMISSED WITH PREJUDICE** and (b) the remainder of the claims against the Federal Defendants are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

(2) Defendant Park Drive Partnership's Motion to Dismiss is **DENIED AS MOOT;** and

(3) Plaintiff's Complaint (Doc. No. 1) is **DISMISSED.**

**LET JUDGMENT BE ENTERED AC-CORDINGLY.**