**Nicholas IHASZ and Mary Jane Ihasz**

v.

**UNITED STATES of America and Internal Revenue Service.**

**Civil No. 1:96–CV–384.**

United States District Court,
D. Vermont.

Oct. 1, 1997.

James B. Anderson, Ryan Smith & Carbine, Ltd., Rutland, VT, for plaintiffs.

George P. Eliopoulos, U.S. Dept. of Justice, Washington, DC, Christopher Baril, Asst. U.S. Attorney, Rutland, VT, for defendants.

---

**548**

MURTHA, Chief Judge.

Plaintiffs (hereinafter "taxpayers") brought this action pursuant to 26 U.S.C. § 7433, seeking a judgment abating interest assessed against them by the Internal Revenue Service (IRS). Before the Court are defendant United States's Motion to Dismiss and taxpayers' Motion for Summary Judgment. For the reasons stated below, the Motion to Dismiss is GRANTED and the Motion for Summary Judgment is DENIED.

### I. Background

For purposes of this ruling, the facts in this matter are set forth as alleged in the taxpayers' complaint. *See Hill v. City of New York*, 45 F.3d 653, 657 (2d Cir.1995) (in reviewing motion to dismiss, court relies on allegations in complaint). In 1983, the IRS initiated audits of taxpayers' 1981 and 1982 personal tax returns. About ten years later, in 1993, the IRS assessed deficiencies for both years: a $35,442 deficiency for 1981, and a $155,034 deficiency for 1982. Both deficiencies were attributable to gains the taxpayers received from certain partnerships. The IRS conducted audits of those partnerships during the same period of time. Complaint, ¶¶ 7–8, 25–26.

The IRS also assessed interest on the deficiencies. Because a substantial period of time had elapsed, these interest assessments were much higher than the deficiencies themselves. The IRS assessed $82,158.49 in interest through January 11, 1993 on the 1981 deficiency of $35,442. On March 16, 1994, the Tax Court entered a consent decree that established taxpayers' liability for 1982 at $155,034. Through July 8, 1994, $314,-733.71 in interest had accrued on this stipulated 1982 tax liability. Complaint, ¶¶ 9, 27, 32–33.

According to the taxpayers, these substantial interest amounts accrued because of the IRS's delay in completing "ministerial" tasks associated with the audits. Specifically, the taxpayers charge that the assigned IRS auditor retired during the course of the audits, and the audit reports were misplaced and forgotten for several years, during which time substantial interest accrued. Taxpayers also charge that the IRS delayed in adjusting the audit reports in response to the partnership audits, and further delayed in issuing formal notices of deficiency after making those adjustments. The 1981 partnership audit was completed in December 1989; the IRS adjusted the 1981 personal tax return in May, 1991, and notified the taxpayers of the changes at that time. At the same time, the IRS informed the taxpayers of adjustments to the 1982 return. Formal notices of deficiency for both years did not issue until January 29, 1993. Complaint, ¶¶ 10–14, 28–31.

In January 1995, the taxpayers requested that the IRS abate most of the assessed interest, pursuant to 26 U.S.C. § 6404(e)(1). The IRS denied this request, and in August 1996 sent the taxpayers a Notice of Levy in the amount of $316,426.79. Taxpayers again petitioned the IRS for an abatement of interest, and again the IRS denied the request. Complaint, ¶¶ 16–21, 34–39.

Taxpayers then filed this complaint, seeking a judgment (1) abating $31,571.18 in interest accrued on the 1981 deficiency, (2) abating $257,119.71 in interest accrued on the 1982 deficiency, and (3) awarding them attorney's fees. The government moves to dismiss the complaint, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. As the government has previously filed its answer in this matter, however, the Court will treat the motion as a Rule 12(c) motion for judgment on the pleadings. *See United Parcel Service, Inc. v. International Bhd. of Teamsters*, 859 F.Supp. 590, 591–92 n .1 (D.D.C.1994) (treating defendant's motion to dismiss as motion for judgment on the pleadings, where defendant filed answer prior to filing dispositive motion).

### II. Discussion

Taxpayers' claims are premised on 26 U.S.C. § 7433, part of the so-called Taxpayer Bill of Rights. Section 7433 authorizes suits for damages against the United States "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or

employee of the Internal Revenue Service recklessly or intentionally disregards any provision of [the Internal Revenue Code], or any regulation promulgated under [the Code]." 26 U.S.C. § 7433(a). According to the taxpayers, the IRS recklessly and intentionally disregarded 26 U.S.C. § 6404(e)(1)(A) (amended 1996), which for the tax years in question authorizes the IRS to abate interest on "any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act."[1]

In its Motion to Dismiss, the government argues both that the taxpayers have failed to state a claim and that the Court lacks subject matter jurisdiction. Although these two questions are often closely related, the Court concludes that the primary issue in this matter is whether the Court has subject matter jurisdiction over taxpayers' claims for abatement of interest assessed by the IRS. See Miller v. United States, 66 F.3d 220, 222–23 (9th Cir.1995) (where taxpayer's claim was not actionable under § 7433, district court properly granted judgment in favor of government for lack of subject matter jurisdiction); Granse v. United States, 932 F.Supp. 1162, 1166 (D.Minn.1996) (§ 7433 does not confer jurisdiction over suit where complaint is directed primarily to contesting assessment of taxes), aff'd 112 F.3d 513 (8th Cir. 1997) (unpublished table decision). Accordingly, the focus of this opinion is determining whether § 7433 provides a jurisdictional basis for taxpayers' claims.

Whether the Court treats the government's motion as a motion to dismiss or a motion for judgment on the pleadings is of little importance, as the standards for deciding the two motions are "virtually identical."

Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C.Cir.1987). In ruling on a Rule 12(c) motion, "the court must accept as true all of the well-pleaded facts alleged in the complaint."[2] Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57, 61 (2d Cir. 1985); see also Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir.1992) (in considering motion to dismiss for lack of subject matter jurisdiction, court accepts as true all material factual allegations in complaint). The Court does not, however, draw "argumentative inferences favorable to the party asserting jurisdiction," here, the taxpayers. Atlantic Mutual, 968 F.2d at 198.

In support of its motion, the government contends that the taxpayers' claims are not within the scope of § 7433. The government argues that § 7433 applies only to illegal collection acts, not to improper assessments of tax or interest. In effect, according to the government, the taxpayers are attempting to obtain judicial review of the IRS's refusal to abate the interest assessments, a decision that is not subject to judicial review. See, e.g., Horton Homes, Inc. v. United States, 936 F.2d 548, 554 (11th Cir.1991) (federal district court barred from exercising its jurisdiction to review failure of IRS to abate interest pursuant to § 6404(e)(1)).[3]

Several circuits have evaluated the scope of § 7433, and all have reached the conclusion advocated by the government: that Congress intended § 7433 to provide a remedy for taxpayers aggrieved by illegal collection activities, not to provide a forum for taxpayers to challenge the determination of their tax obligation. See Miller, 66 F.3d at 223 (where taxpayer challenged only determination of tax, claim not actionable under

---

**1.** This section has since been amended to include interest on deficiencies attributable to either "ministerial or managerial act[s]" of IRS employees. 26 U.S.C. § 6404(e)(1)(A). As the amendment applies only to tax years beginning after July 30, 1996, the change is not relevant to this case. Taxpayer Bill of Rights, Pub.L. 104–168, § 301(c), 110 Stat. 1452 (1996).

**2.** The parties dispute whether the government should be deemed to have admitted certain facts because of its failure to respond to the taxpayers' Requests to Admit, dated April 21, 1997. As the

Court holds that subject matter jurisdiction does not exist, even assuming the truth of the taxpayers' factual allegations, the Court need not resolve this dispute.

**3.** In 1996 Congress amended 26 U.S.C. § 6404 to give the Tax Court jurisdiction to review a failure to abate interest under that section. 26 U.S.C. § 6404(g). The amendment applies to requests for abatement made after July 30, 1996. Taxpayer Bill of Rights. Pub.L. 104–168, § 302(b), 110 Stat. 1452 (1996).

§ 7433); *Shaw v. United States,* 20 F.3d 182, 184 (5th Cir.1994) (taxpayer cannot seek damages under § 7433 for improper assessment of taxes); *Gonsalves v. Internal Revenue Service,* 975 F.2d 13, 16 (1st Cir.1992) (taxpayers seeking to challenge IRS's calculation of their tax liability must file either petition for redetermination in Tax Court, or refund action in district court; § 7433 not intended to supplement, supersede, or allow taxpayers to circumvent, those procedures). As explained below, the Court concludes that these decisions provide the correct interpretation of § 7433.

■ Interpretation of § 7433 is guided by the principle that a "waiver of sovereign immunity, like any other, 'must be strictly observed,' and construed 'in favor of the sovereign.'" *Gonsalves,* 975 F.2d at 15 (citations omitted) (quoting *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957) and *McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951)). Courts must be careful not to enlarge a statute's waiver of sovereign immunity "beyond the waiver its language expressly requires." *Miller,* 66 F.3d at 222; *see United States v. Nordic Village, Inc.,* 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). Keeping this limiting principle in mind, it is apparent from the language and legislative history of § 7433 that Congress did not intend to authorize suits based on improper determination of tax liability.

■ As already noted, § 7433 by its own terms is limited to allegedly illegal acts by IRS officials or employees "in connection with any *collection* of Federal tax." Moreover, the legislative history of the section plainly indicates that Congress recognized a distinction between the collection of tax and the determination of tax, and intentionally limited § 7433 to acts relating to the collection of tax. An earlier version of the bill was broader in scope, and would have applied to actions taken "in connection with the *determination or collection* of any Federal tax." H.R.Conf.Rep. No. 100–1104, at 228 (1988), reprinted in 1988 U.S.C.C .A.N. 5048, 5288 (emphasis added). That version of the bill was not approved, and the Conference Agreement states that the provision as enact-

ed "is limited to reckless or intentional disregard in connection with the collection of tax. An action under this provision may not be based on alleged reckless or intentional disregard in connection with the determination of tax." *Id.* at 229, reprinted in 1988 U.S.C.C.A.N. at 5289.

Anticipating this reasoning, the taxpayers contend that their claim is in fact based on allegedly illegal collection acts. They argue that the calculation of interest is a "ministerial, clerical function" and should not be considered part of the determination of tax. *Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss,* at 7. Rather, according to the taxpayers, the refusal to abate interest should be treated as an act taken in connection with the collection of a tax. The taxpayers also point out that the IRS sent a Notice of Levy for the assessed interest, which is a collection action.

The Court is not persuaded that the refusal to abate interest occurred "in connection with any collection of Federal tax." 26 U.S.C. § 7433. As explained above, this provision must be interpreted narrowly. Assuming that the taxpayers are correct, and the IRS recklessly or intentionally disregarded § 6404(e)(1) by refusing to abate the interest, that decision was part of the determination of the taxpayers' total liability. The fact that calculating the interest was a simple ministerial act is irrelevant; the same is likely true of other elements of the determination of tax liability, such as applying the tax tables to a given taxable income. Regardless of how their liability was calculated, the taxpayers' claim that the IRS improperly determined that liability may not be brought under § 7433.

The issuance of the Notice of Levy does not transform the taxpayers' complaint into one of improper collection procedures. The taxpayers do not allege that the Notice of Levy itself was somehow faulty or improper, nor do they allege any defect in the procedures followed by the IRS. *See Miller,* 66 F.3d at 222 (taxpayer's claim failed under § 7433 where taxpayer alleged unlawful act with respect to determination of tax, but did not allege deficiency in notice and demand procedures taken by IRS); *Shaw,* 20 F.3d at

184 (although IRS improperly assessed tax liability against taxpayer, taxpayer cannot collect damages under § 7433 where IRS did not engage in improper collection procedures). Section 7433 provides a remedy solely for illegal collection activities; where the IRS follows proper procedures to collect a tax that has been improperly assessed, a taxpayer must seek a different remedy. To hold otherwise would transform § 7433 into a provision of much broader scope, allowing suit wherever the IRS attempted to collect improperly assessed taxes. Such an interpretation may hold some appeal, but it was not the interpretation intended by Congress.

The government also moves to dismiss the claims against the IRS on the ground that the IRS is not a suable entity. Section 7433 does specify that suits for damages may be brought against the United States, not the IRS as a separate entity. 26 U.S.C. § 7433(a). As the Court grants the government's motion and dismisses this action, however, this separate ground for dismissing the claims against the IRS is effectively moot.

In light of the Court's conclusion that it lacks subject matter jurisdiction over this matter, the taxpayers' motion for summary judgment must be denied. None of the arguments asserted in the motion for summary judgment alters the Court's conclusion that the taxpayers' claims fall outside the scope of § 7433.

### III. Conclusion

Defendant United States' Motion to Dismiss (paper 12) is GRANTED and the above-captioned matter is hereby DISMISSED for lack of subject matter jurisdiction. Plaintiffs' Motion for Summary Judgment (paper 15) is DENIED.

SO ORDERED.