Gregory ZOLMAN, Plaintiff,

v.

INTERNAL REVENUE SERVICE,
et al., Defendants.

No. 1:99CV–295.

United States District Court,
W.D. Michigan.
Southern Division.

Nov. 4, 1999.

Gregory Zolman, Lake Ann, MI, pro se.

Joseph L. Meadows, U.S. Department of Justice, Tax Division, Washington, DC, for Internal Revenue Service, Larry Haines, Richard Vervisch, Michael Gruba, defts.

## OPINION

McKEAGUE, District Judge.

This is a civil action brought by a *pro se* plaintiff against the Internal Revenue Service and three employees of that agency. Plaintiff's *pro se* complaint seeks damages under various provisions of federal law. The complaint is virtually devoid of facts,

but contains instead various political assertions and arguments in support of plaintiff's contention that he is not subject to the tax laws of the United States. Plaintiff asserts, for example, that he is not involved in the sale of alcohol, tobacco or firearms and is thus not subject to the jurisdiction of the Treasury Department and that Title 26 of the United States Code somehow does not apply to him. Among other provisions of law, plaintiff purports to proceed under 26 U.S.C. § 7214, a criminal statute prohibiting certain acts of fraud and extortion by Internal Revenue agents.

Defendants, represented by the United States, have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Plaintiff has filed a response (docket # 10) in which he provides no further factual basis for his claim, but does shift ground concerning the legal basis for his complaint. In his responsive brief, plaintiff cites for the first time 26 U.S.C. § 7433, which creates a cause of action against the United States for negligent, reckless or intentional disregard of the provisions of the Internal Revenue Code by an employee or officer of the IRS in connection with the collection of federal taxes. Plaintiff also reiterates the accusation that the defendants have "prosecuted" him without due process of law and have threatened to subject him to laws and regulations that do not apply to him (presumably because he is a sovereign individual immune from federal income taxation).

Upon review of plaintiff's complaint, as amplified by his memorandum, the court determines that the complaint fails to state a claim upon which relief can be granted.

### Applicable Standard

■ Defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). The standards applicable to a motion to dismiss are well settled. Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Lawrence v. Chancery Court of Tennessee,* 188 F.3d 687, 691 (6th Cir.1999); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Ludwig v. Board of Trustees,* 123 F.3d 404, 408 (6th Cir.1997); *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). The court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995); *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir.1993). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 319 (6th Cir.1999); *Nelson v. Miller,* 170 F.3d 641, 649 (6th Cir.1999). The court need not accept as true legal conclusions or unwarranted factual inferences. *Murphy v. Sofamor Danek Group, Inc. (In re Sofamor),* 123 F.3d 394, 400 (6th Cir.1997) (quoting *Morgan,* 829 F.2d at 12). "In practice, a ' . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995) (quoting *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993)); *see Hahn v. Star Bank,* 190 F.3d 708, 718–19 (6th Cir.1999). Further, as plaintiff is proceeding *pro se,* the complaint must be given a liberal reading, and is not held to the standard applicable to complaints drafted by trained legal counsel. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Applying these standards, the court concludes that defendants' motions must be granted.

### Discussion

■ Defendant Internal Revenue Service, an agency of the United States of

America, asserts sovereign immunity as a defense against plaintiff's suit. Actions against the United States are barred by the doctrine of sovereign immunity unless Congress has explicitly consented to be sued. *See United States Dep't of Energy v. Ohio,* 503 U.S. 607, 615, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992). Plaintiff's complaint, as originally submitted, was subject to dismissal on this ground, as plaintiff had not asserted any claim to which Congress had consented. Plaintiff's reply memorandum, however, invokes 26 U.S.C. § 7433, a statute in which Congress has expressly authorized suits by taxpayers against the United States. As a *pro se* plaintiff, Mr. Zolman would be entitled to amend his complaint in order to assert liability against the United States under this statute. Proceeding with the indulgence generally accorded to *pro se* litigants, the court will construe the original complaint as if it had been amended to invoke section 7433.

▮▮▮ So construed, however, plaintiff's complaint continues to be fatally defective. In order to state a valid claim against any defendant, the complaint must set forth facts which, if true, would support a recovery under some recognized cause of action. Plaintiff's submissions to this court utterly fail to state a claim under section 7433. Plaintiff has presented only conclusory allegations to the effect that he is not subject to the income tax laws of this country. Such outlandish contentions have been routinely rejected by the federal courts. *See United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994). In the absence of an allegation of facts supporting the dubious claim that plaintiff now asserts, this court cannot assume that he is immune from the tax laws and is therefore being pursued by defendants in violation of the Internal Revenue Code. To state a claim under section 7433, a plaintiff must assert facts showing that an officer or employee of the IRS has disregarded the provision of the Internal Revenue Code in connection with collection of federal tax. *See Williams v. United States,* No. 97–5820, 1998 WL 537579, at * 4 (6th Cir. Aug.7, 1998) ("The scope of

7433 is limited to unauthorized collection actions and does not extend to determinations of liability."); *Bouquett v. United States,* No. 96–4239, 1998 WL 69842, at * 2 (6th Cir. Feb.10, 1998) (section 7433 "does not provide taxpayers a cause of action for allegedly improper assessment of amounts of taxes"); *Shaw v. United States,* 20 F.3d 182, 184 (5th Cir.1994) (even if IRS improperly assessed tax liability against taxpayer, taxpayer had no claim under section 7433 in the absence of proof of improper collection procedures); *Ihasz v. United States,* 997 F.Supp. 547, 549–50 (D.Vt. 1997). Mere assertion of tax liability, without more, is insufficient to create liability. *See Shaw,* 20 F.3d at 184. Plaintiff's submissions are completely devoid of any allegation concerning improper collection procedures by the individual defendants. Plaintiff has therefore failed to state a claim against the United States under section 7433.

▮▮▮ Plaintiff's claim against the individual revenue agents is barred by the exclusive remedy provision of 26 U.S.C. § 7433. The Sixth Circuit has squarely held that section 7433 is an exclusive remedy and bars claims against individual revenue agents. *Fishburn v. Brown,* 125 F.3d 979, 982–83 (6th Cir.1997). Consequently, construing plaintiff's complaint as an attempt to assert liability against the individual defendants under the theory of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the court concludes that such a *Bivens* claim is barred. *See Fishburn,* 125 F.3d at 982–83. Furthermore, the criminal statute upon which plaintiff relies, 26 U.S.C. § 7214, creates no private cause of action and is insufficient to sustain a civil claim. *See Purk v. United States,* 747 F.Supp. 1243, 1248 (S.D.Ohio 1989); *see also Culbertson v. Unknown U.S. Agents,* No. 91–cv–40437–FL, 1992 WL 739051, at * 1 (E.D.Mich. Oct.23, 1992).

Finally, plaintiff has recently filed a purported notice of default against the individ-

ual defendants (docket # 11), contending that they have failed to answer the complaint within the time allowed by law. This filing, like the rest of plaintiff's submissions, is meritless. Defendants' motion to dismiss the complaint was a proper response under Fed.R.Civ.P. 12. The entry of a default against these defendants is therefore not permissible. Plaintiff's notice of default will therefore be stricken.

### Conclusion

For the foregoing reasons, defendants' motion to dismiss (docket # 6) will be granted.

### JUDGMENT

In accordance with the opinion filed this date:

IT IS ORDERED that defendants' motion to dismiss the complaint (docket # 6), Fed.R.Civ.P. 12(b)(6), be and hereby is GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed with prejudice and that judgment is entered on behalf of all defendants.

IT IS FURTHER ORDERED that plaintiff's purported notice of default (docket # 11) be and hereby is STRICKEN on the court's own motion.